# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**THOMAS LEE CROW,**<br><br>Defendant. | **CASE NO. 1:17-CR-00242-LJO-SKO-1**<br><br>**MEMORANDUM DECISION AND ORDER RE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL TO REPRESENT PETITIONER ON HIS MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND PETITIONER'S MOTION FOR EXTENSION OF TIME**<br><br>**(ECF NO. 37)** |

On April 2, 2019, Thomas Lee Crow ("Petitioner"), a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct a sentence ("Motion") under Title 28, United States Code, Section 2255, raising a claim of ineffective assistance of trial counsel for failure to discuss an appeal; challenging the length of his sentence, which exceeded guidelines; and contesting the imposition of a special condition of supervised release. *See* ECF No. 28. In an Order dated May 23, 2019, this Court issued a briefing order, setting July 22, 2019 as the Government's deadline to reply to Petitioner's filing and granting Petitioner 60 days from the date of the Government's filing as the deadline for Petitioner's reply in support of his 2255 Petition. ECF No. 29.

## I. REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner requests the appointment of counsel for his 2255 Petition, stating he would like an attorney to assist him with his response to the Government. ECF No. 37.

There is no constitutional right to appointment of counsel for petitioners making a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks

upon their convictions"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). Nevertheless, "[t]he rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures . . . or if an evidentiary hearing is required." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citing Rules Governing Section 2255 Proceedings, Rules 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."), 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.")). Appointment of counsel to represent indigent defendants is also required in 2255 proceedings "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). *See also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (due process requires appointment of counsel "when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel").

Outside of these three mandatory situations, district courts are authorized under 18 U.S.C. § 3006A(a)(2) to appoint counsel in a section 2255 proceeding whenever "the court determines that the interests of justice so require" and the movant is financially eligible. "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). *See also Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding no abuse of discretion where district court denied appointment of counsel in 2255 proceeding because "[a]lthough the appellant is over 60 years of age and has no background in the law, he thoroughly presented his issues in the habeas petition and the accompanying memorandum of law"); *Franklin*

*v. United States*, No. SACR 06-0166-DOC, 2014 WL 12691082, at *2 (C.D. Cal. Sept. 16, 2014) (declining to appoint counsel in 2255 proceedings where the petitioner "has demonstrated a good understanding of the matter at issue on remand and 'the ability to present forcefully and coherently his contentions'") (quoting *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987)); *Davis v. United States*, No. 1:07-CR-00255-EJL, 2016 WL 6471012, at *4 (D. Idaho Nov. 1, 2016) (denying appointment of standby counsel in 2255 proceeding because, *inter alia*, "record clearly shows the Petitioner is able to represent himself based on his filings articulating his legal and factual position/arguments"); *United States v. Mercado*, No. CR-07-2018-FVS-1, 2011 WL 573377, at *5 (E.D. Wash. Feb. 14, 2011) (denying appointment of counsel where "the defendant has demonstrated the ability to set forth those grounds he thinks justify relief under § 2255" and the parties' filings and record give the court "a reliable basis for assessing the validity of the grounds asserted by the defendant").

The Court declines to appoint counsel to assist with the 2255 Petition. Petitioner has failed to establish that any evidentiary hearing or discovery is required. Nor has he established that the issues are so complex that the denial of an appointment of counsel will deprive him of his right to due process. In his 2255 Petition, Petitioner presented three legal issues that he believes warrant relief. "Given the information he has presented, given the information the government has presented, and given the Court's independent review of the record, the Court has a reliable basis for assessing the validity of the grounds" that Petitioner has asserted. *Mercado*, 2011 WL 573377, at *5. Petitioner has set forth the grounds he believes warrant relief, such that denial of counsel will not deny him a fair and meaningful hearing. That he believes he may benefit from the assistance of counsel is not enough to appoint one.

Accordingly, Petitioner's motion for appointment of counsel is DENIED.

//

//

## II. REQUEST FOR EXTENSION OF TIME TO REPLY

Petitioner requests an extension of time to reply to the Government's opposition to his petition, stating he had yet to be served with the document as of July 29, 2019. ECF No. 37. The opposition was filed on July 2, 2019. ECF No. 33.

Good cause appearing, the Court GRANTS Petitioner's request for extension of time. Petitioner shall file his reply in support of his motion on or before October 23, 2019.

## III. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for appointment of counsel to represent him on his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**; and

2. Petitioner's motion for extension of time to file his reply is **GRANTED**, and Petitioner shall file his reply in support of his motion on or before **October 23, 2019**.

IT IS SO ORDERED.

Dated: **August 23, 2019**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE