UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS LEE CROW<br><br>Defendant. | No.  1:17-cr-00242-NONE-SKO<br><br>ORDER DIRECTING PETITIONER TO FILE FINANCIAL AFFIDAVIT FORM<br><br>(Doc. No. 28) |

On July 16, 2018 Thomas Lee Crow pled guilty to aiding and abetting an animal fighting venture in violation of 7 U.S.C. § 2156(a)(1) and 18 U.S.C. §§ 2, 49(a).  (Doc. Nos. 13; 31 at 6.) On December 17, 2018, the previously assigned district judge sentenced defendant to 24 months in the custody of the Bureau of Prisons.  (Doc. Nos. 22; 28 at 79.)  Defendant was ordered to surrender to the custody of the Bureau of Prisons by February 25, 2019.  (Doc. No. 23 at 2.) Petitioner has since been released from the custody of the Bureau of Prisons.[1]

On April 2, 2019, defendant filed the instant motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 28.)  In his *pro se* motion, defendant identifies three possible grounds for relief.  (*See id.*)  The instant order addresses only defendant's claim of ineffective assistance of counsel based upon his attorney's alleged failure to discuss with

---

[1]  Bureau of Prisons, Inmate Locator, https://www.bop.gov/mobile/find_inmate/ byname.jsp#inmate_results (enter "Thomas Lee Crow").

1

him the filing of an appeal following his sentencing. (*Id.* at 4.) Defendant contends that on the date of sentencing, his attorney refused to speak with him about a possible appeal outside the courtroom. (*Id.*) Defendant avers that his attorney never discussed with him the "pros and cons of an appeal at all." (*Id.*)

On July 2, 2019, defendant's former counsel, Brian C. Andritch, filed a motion to withdraw as defendant's counsel. (Doc. No. 32.) On July 18, 2019, the then-assigned district judge granted that motion. (Doc. No. 36.) On May 23, 2019, the previously assigned judge ordered the government to respond only to petitioner's ineffective assistance of counsel claim. (Doc. No. 29.) On July 2, 2019, the government filed its opposition, arguing that defendant knowingly and voluntarily entered a guilty plea and acknowledged that he waived his right to appeal and collaterally attack his plea and sentence. (Doc. No. 33 at 3.) Further, the government argued that defendant's collateral attack waiver bars his claim that his attorney failed to discuss with him the filing of an appeal following his sentencing. (*Id.* at 5.)

On July 2, 2019, attorney Andritch separately filed an unsworn declaration in which he stated that he met with defendant at his office to discuss the plea agreement in defendant's case. (Doc. No. 34 ¶ 4.) Attorney Andritch also declared that he reviewed the entire plea agreement with defendant and that defendant signed the plea agreement in his presence. (*Id.* ¶¶ 5–6.) Attorney Andritch notes the "plea agreement specifically states that Defendant agreed to give up his appellate rights." (*Id.* ¶ 7.) Andritch asserts in his declaration that he

> ha[s] not refused to consult with Defendant since sentencing. After sentencing, [he] had text conversations with Defendant regarding questions he had about his sentence. On February 22, 2019, [he] personally met with Defendant and his wife in [Andritch's] office to address any questions [defendant] may have.

(*Id.* ¶¶ 8–10.) The declaration does not address the nature of defendant's questions. (*See generally id.*) Attorney Andritch avers that he advised defendant that the court was not bound by the terms of the plea agreement. (*Id.*) He also states that he discussed his strategy at sentencing to "focus on the positives in Defendant's life, such as his stable employment and long marriage," and not defendant's participation in "cock fighting because [Andritch] believed it was an impossible argument and that [Andritch] could never overcome societies [sic] negative feelings

2

regarding cock fighting." (*Id.* ¶ 13.)  Finally, attorney Andritch represents that defendant agreed with that strategy.  (*Id.*)

On August 7, 2019, defendant filed a request for appointment of counsel in connection with his § 2255 motion and a motion for extension of time to file a reply.  (Doc. No. 37.)  On August 23, 2019, the previously assigned district judge denied defendant's motion for appointment of counsel, while granting defendant an extension to file his reply by October 23, 2019.  (Doc. No. 38.)  However, defendant never filed a reply.

It remains unclear from defendant's allegations in his petition and from attorney Andritch's declaration whether counsel did or did not fail to consult with defendant about the possible filing of a notice of appeal following his sentencing.  Out of an abundance of caution, the court concludes that an evidentiary hearing is warranted here only with respect to defendant's allegation that his attorney refused to speak with him about a possible appeal.[2]  *See Garza v. Idaho*, — U.S. —, 139 S. Ct. 738, 742 (2019) ("[W]hen an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims,' . . . regardless of whether the defendant has signed an appeal waiver."); *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 480, 484 (2000) ("We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.").

If an evidentiary hearing is warranted in a § 2255 habeas proceeding, an indigent defendant is entitled to the appointment of counsel.  Rule 8(b), Rules Governing Section 2255 Cases in the U.S. District Courts (amended Dec. 1, 2019).  In order to determine whether defendant qualifies to have counsel appointed under 18 U.S.C. § 3006A, the court directs

/////

---

[2]  In scheduling the evidentiary hearing, the court expresses no opinion as to the merits of petitioner's claim for relief under § 2255.

him to file a CJA 23 Financial Affidavit Form if he wishes to have counsel appointed on his behalf.

Accordingly,

1. The Clerk of Court is directed to serve this order on defendant Thomas Lee Crow by mail at 6890 West Clinton Avenue, Fresno, California 93723;
2. The Clerk of Court is directed to update the docket with defendant's current address and also serve defendant with the CJA 23 Financial Affidavit Form in addition to this order;
3. Defendant Crow shall file a completed CJA 23 Financial Affidavit Form with the court within thirty (30) days of service if he wishes to have counsel appointed.  Alternatively, defendant shall inform the court in writing within thirty (30) days of service if he wishes to retain his own counsel for purposes of an evidentiary hearing on his motion or file a notice with the court stating that he no longer wishes to pursue relief in this action, in which case the pending § 2255 motion will be dismissed; and
4. If defendant wishes to continue to pursue relief on the pending motion, he shall file a notice of change of address with the court confirming his current address, telephone number and email address.

IT IS SO ORDERED.

Dated:   **December 4, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE